**IN RE: McKinley GIBSON, Debtor(s)**

**C/A No. 16-02132-JW**

United States Bankruptcy Court,
D. South Carolina.

Filed August 17, 2016

Entered August 18, 2016

Eddye L. Lane, Columbia, SC, for Debtor.

**ORDER**

John E. Waites, U.S. Bankruptcy Judge, District of South Carolina

This matter comes before the Court upon the objection of First Palmetto Bank ("First Palmetto") to the Chapter 13 plan filed by the debtor McKinley Gibson ("Debtor"), on June 1, 2016 ("Original Plan") and amended on June 24, 2016 ("Amended Plan"). The Debtor asks that First Palmetto's objection filed on July 1, 2016, be overruled as late pursuant to 11 U.S.C. § 1323(c)[1] because First Palmetto did not file a timely objection to the Original Plan, and the Amended Plan did not alter that creditor's treatment.

Under the facts presented in this case, and pursuant to the applicable law, the Court finds that because the time for objecting to the Original Plan had not run before the Debtor filed and served the Amended Plan containing a new notice

---

1. Hereinafter, all references to provisions under the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, shall be by section number only.

period for objecting, the Amended Plan reset the deadline within which First Palmetto (and other creditors) in this case could object to its plan treatment.

### Findings of Fact[2]

1. The Debtor filed a petition under Chapter 13 of the Code on April 28, 2016.

2. First Palmetto is the holder of a secured claim against the Debtor.

3. On June 1, 2016, the Debtor filed his proposed Chapter 13 plan ("Original Plan"). The Original Plan was in the form required by SC LBR 3015-1, and gave creditors and parties in interest notice that objections to the Original Plan were required to be filed and served within twenty-eight (28) days[3] from the date the Original Plan was filed.

4. The Original Plan was served by mail on First Palmetto and its counsel on June 1, 2016. It is undisputed that service was proper and that First Palmetto and its counsel received the Original Plan.

5. On June 24, 2016, ten (10) days before the running of the July 4 deadline for objections to the Original Plan, the Debtor filed his amended plan ("Amended Plan"). The Amended Plan was in compliance with Exhibit A to SC LBR 3015-2, and gave creditors and parties in interest notice that objections to the Amended Plan were required to be filed and served within twenty-eight (28) days from the date the Amended Plan was filed.[4]

6. The Amended Plan provided the following treatment of First Palmetto's claim:

3 Long term or mortgage debt. Curing default; 11 U.S.C. 1322(b)(3) and or (5);

a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditors allowed claim or as otherwise ordered by the Court to First Palmetto Bank at the rate of $-0- or more per month, for property located at 183 Smyrna Road, Elgin, SC along with -0-% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee. Debtor will pursue sale of property and submit Application to Sell. In the event the property is not sold by December 31st, 2016, the Debtor will surrender the property to mortgage company.

This is substantially the same treatment of First Palmetto's claim as was provided for in the Original Plan:

2. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are so adopted.

3. Plus an additional three (3) days for mail. Fed. R. Bankr. P. 9006(f).

4. Pursuant to SC LBR 3015-2, this notice was identical to the notice that was contained in the Plan:

B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS. Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is filed. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions

3. Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and or (5):

a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditors allowed claim or as otherwise ordered by the Court to First Palmetto Bank at the rate of S-0- or more per month, for property located at 183 Smyrna Road, Elgin, SC along with -0-% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee. Debtor will pursue sale of property and submit Application to Sell.

7. In compliance with Federal Rule of Bankruptcy Procedure 2002,[5] the Debtor served all creditors and parties in interest, including First Palmetto and its counsel, with the Amended Plan.[6]

8. First Palmetto filed and served its plan objection on July 1, 2016.[7]

9. At the confirmation hearing, the Debtor objected to the Court's consideration of First Palmetto's objection, arguing that it was not timely filed.

### Conclusions of Law

At issue before the Court is whether an amended chapter 13 plan, filed and served on an unaffected creditor before the running of the deadline for the creditor to accept or reject the initial plan, resets the deadline for the creditor to object to its treatment, or whether the creditor is bound by the objection deadline set forth in the initial plan.

At the outset, the Court notes that First Palmetto's objection, filed on July 1, 2016, was filed one business day[8] before objections were due to the Original Plan and was therefore timely. However, because of the apparent conflict between the notices in each plan, the Court also considered whether service of the Amended Plan (which did not change First Palmetto's treatment) provided First Palmetto with a new opportunity to object to its proposed treatment. The Court concludes that under these circumstances, it did.

Section 1323(b) provides that a debtor may modify a plan any time before confirmation. Upon filing the modified plan becomes the plan, replacing the previously filed document. 11 U.S.C. § 1323(b); *see* Collier on Bankruptcy 8-1323 ("Section

5. Bankruptcy Rule 2002 provides, in relevant part:
   (a) Twenty-one-day notices to parties in interest. Except as [otherwise] provided ... the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: ... (5) the time fixed to accept or reject a proposed modification of a plan.
   ...
   (b) Twenty-eight-day notices to parties in interest. ... [T]he clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 28 days' notice by mail of the time fixed ... (2) for filing objections and the hearing to consider confirmation of a chapter ... chapter 13 plan.
   Fed. R. Bankr. P. 2002(a)(5) and (b).

6. Although Bankruptcy Rule 2002 requires notice of a plan modification to be served on all creditors, SC LBR 3015-2(a) states that service of the amendment "must be made on all parties which may be adversely affected by the amendment." To the extent this language can be construed to require only that pre-confirmation modifications be served on affected parties, the Local Rule appears to be inconsistent with the Bankruptcy Rule.

7. The objection does not indicate which plan was the subject of First Palmetto's objection.

8. The deadline for objecting to the Original Plan was July 2, 2016. However, because this day fell on a Saturday, pursuant to Bankruptcy Rule 9006(a)(1)(C), the deadline for objections was extended to "the end of the next day that [was] not a Saturday ..." which was Tuesday, July 5, 2016.

1323(b) provides that immediately upon the debtor's filing of a modification under section 1323, the plan as modified becomes the plan, without judicial approval.").

■ It is well established that a secured creditor properly served with notice of a plan, who fails to object to its treatment within the objection period, is deemed to have accepted the plan. 11 U.S.C. § 1325(a)(5)(A); *see In re Crawford*, 532 B.R. 645 (Bankr.D.S.C.2015); *In re Grissom*, Case No. 11–04553–JW, slip op. (Bankr.D.S.C. January 3, 2012); *In re Turner*, Case No. 10–03358–JW, slip op. (Bankr.D.S.C. Sept. 21, 2010); *In re Dangerfield*, Case No. 04–13686, slip op. (Bankr.D.S.C. Aug. 23, 2005); *In re Thomas*, 1997 WL 33343973 (Bankr.D.S.C. Jul. 11, 1997) (noting that most courts that have considered the issue have held that a secured creditor's failure to object to a chapter 13 plan constitutes acceptance of that plan under § 1325(a)(5)(A)). It is also well established that a secured creditor cannot circumvent the consequences of its failure to object to its treatment in the initial plan by filing an objection to an amended plan that does not change its original treatment. *See In re Grissom, supra; In re Turner, supra; In re Washington*, Case No. 05–14835–JW, slip op. (Bankr.D.S.C. April 27, 2006). This opinion does not change this black letter law or established precedent.

■ The distinguishing factor in this case is the timing of the filing and service of the Amended Plan in relation to the Original Plan, and the ambiguity created by the overlapping notices. Because the time had not yet run for First Palmetto to object to the Original Plan, First Palmetto cannot be deemed to have accepted the Original Plan. When the Debtor filed and served on all creditors the Amended Plan

containing a new notice period before expiration of the initial objection period, this re-set the notice for all creditors who received notice of the new objection period.

## Conclusion

For the reasons stated herein, the Debtor's challenge to the timeliness of First Palmetto's objection to the Original Plan is overruled.[9]

### AND IT IS SO ORDERED.

### Order On Timeliness of Plan Objection

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

---

9. This Order does not rule on the merits of First Palmetto's objection, or the Debtor's other arguments thereto which, if not resolved by the parties, will be considered by the Court at a further hearing.